UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HYDRAULIC PERFORMANCE MACHINES SRL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CAUSE NO. 1:15-CV-138-RL-SLC<br>) |
| HERCULES MACHINERY CORPORATION, | )<br>)<br>) |
| Defendant. | ) |

## OPINION and ORDER

Plaintiff Hydraulic Performance Machines SRL filed a complaint against Defendant Hercules Machinery Corporation on June 1, 2015, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). The complaint recites that Plaintiff is an Italian limited liability company and that "[u]pon information and belief," Defendant is an Indiana corporation with its principal place of business in Indiana. (DE 1 at ¶¶ 1, 2).

These jurisdictional allegations are inadequate. As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

With respect to Defendant, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

As to Plaintiff, for purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of each of its members. *See Thomas v. Guardsmark*, LLC, 487 F.3d 531, 534 (7th Cir. 2007). Therefore , Plaintiff "must allege facts detailing the citizenship of each of its members[.]" *Bou-Matic, LLC v. R.J. Fullwood & Blanc, Ltd.*, No. 08-cv-441-bbc, 2008 WL 4691831, at *2 (W.D. Wis. Oct. 22, 2008) (directing plaintiff to allege the identity and citizenship of each of the members of a British limited liability company); *see also Principle Solutions, LLC v. Feed.ing BV*, No. 13-C-223, 2013 WL 2458630, at *2 (E.D. Wis. June 5, 2013) (addressing the citizenship of a Dutch limited liability company). Citizenship must be "traced through multiple levels" for those members who are a limited liability company or partnership, as anything less can result in a dismissal for want of jurisdiction.[1] *Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

"Although it may be unlikely that [a] foreign . . . limited liability company would have citizenship overlapping [D]efendant's, the possibility remains, and it would be a waste of limited judicial resources to proceed further in a case in which jurisdiction may not be present." *Bou-Matic, LLC*, 2008 WL 4691831, at *2. Therefore, Plaintiff is ORDERED to supplement the record on or before June 16, 2015, by filing an amended complaint that adequately alleges the

---

[1] Plaintiff is reminded that to the extent any of its members is an individual person, "it is the *citizenship*, not the residency, of individual persons that matters for diversity jurisdiction." *Bou-Matic, LLC*, 2008 WL 4691831, at *2. "An individual is a citizen of the state in which he is domiciled, that is, where he has a permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* (citation and internal quotation marks omitted).

citizenship of each party.

SO ORDERED.

Enter for this 2nd day of June, 2015.

                                                    s/ Susan Collins
                                                    Susan Collins,
                                                    United States Magistrate Judge